# UNITED STATES DITRICT COURT
# NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| **AMERAIR INDUSTRIES** ) | |
|     **Of DELAWARE, LLC** ) | |
|     **Plaintiff,** ) | **CIVIL ACTION No.** |
| **v.** ) | |
| ) | |
| **JOHN DOE'S 1-10** ) | |
|     **Defendants.** ) | |

## Complaint for Injunctive Relief and Damages

Comes now Plaintiff AMERAIR INDUSTRIES of DELAWARE LLC (hereafter "Amerair") by and through undersigned counsel, and files its Complaint against Defendants JOHN DOE's 1-10 ("Defendants") showing the Court as follows:

## Nature of the Complaint

1. This action is brought by Plaintiff Amerair against Defendants for violation of federal and state computer protection statutes and for conversion, injunctive relief, and damages.

## Jurisdiction and Venue

2. Venue and jurisdiction are proper in that Plaintiff Amerair Industries of Delaware LLC is an LLC meeting the requirements of Georgia law to transact business as a Foreign Limited Liability Company in Georgia which has conducted same in this district maintaining a Registered Agent Larry A Gilbert CPA, 1847 Peeler

Road Suite B, Atlanta GA 30338, the federally protected rights of which LLC have been violated contrary to the federal Computer Fraud and Abuse Act 18 USC § 1030, for which relief is sought herein pursuant to 28 USC § 1331 federal question jurisdiction.

## Parties

3. Plaintiff Amerair Industries of Delaware LLC is an LLC authorized to transact business as a Foreign Limited Liability Company in Georgia with a Registered Agent Larry A Gilbert CPA, 1847 Peeler Road Suite B, Atlanta GA 30338.

4. Defendants John Does 1-10 are unknown to Amerair as of the time of filing of this Complaint. Amerair has diligently attempted to discover the identities of John Does 1-10 so they can be named as defendants, but it has been unable to do so to date.

## Factual Allegations

5. On or a about April 1, 2019, and thereafter, Plaintiff's email servers and accounts were accessed by unknown and unauthorized individuals or entities as many as eight times per day.

6. Plaintiff's email servers and accounts accessed by Defendants are "protected computers" within the meaning of 18 U.S.C. § 1030(e) because they are computer devices and accounts used in interstate or foreign commerce or communication.

7. Plaintiff's email servers and accounts contain and are used for transmission of

valuable, private, confidential, competitive, business information, the compromise of which is likely to cause damages and financial loss to Plaintiff.

8. Defendants accessed Plaintiff's email servers and accounts in order to obtain and use valuable information contained thereon for their own improper purposes.

9. As a result of Defendants' aforesaid action in violation of the federal Computer Fraud and Abuse Act 18 USC § 1030, Plaintiff was harmed in excess of $5,000 within a one year span, and was caused to suffer significant monetary damages including loss of prospective business advantage and loss of profits.

10. As a result of Defendants' aforesaid action in violation of the federal Computer Fraud and Abuse Act 18 USC § 1030, Plaintiff is entitled to recover from Defendants its damages sustained, including its expenditure in investigating Defendants' action as well as the costs of this action.

## Count 1

## Computer Fraud and Abuse Act 18 USC § 1030

11. Based upon the foregoing allegations as if fully set forth again in this Count 1, Defendants have violated the Computer Fraud and Abuse Act 18 USC § 1030 by unauthorized access and obtaining of Plaintiff's valuable, private, confidential, competitive, business information, and have damaged Plaintiff.

12. As a result of said damage caused in violation of the Computer Fraud and Abuse Act 18 USC § 1030, Plaintiffs are entitled to economic compensatory damages

...

...

...

and injunctive or other equitable relief pursuant to the Computer Fraud and Abuse Act 18 USC § 1030(g).

## Count 2

## Georgia Computer Systems Protection Act OCGA § 16-9-90

13. Based upon the foregoing allegations as if fully set forth again in this Count 2, Defendants have committed computer theft and have violated the Georgia Computer Systems Protection Act OCGA §§ 16-9-90 and 93 by unauthorized access and obtaining of Plaintiff's valuable, private, confidential, competitive, business information, and have damaged Plaintiff.

14. As a result of said damage caused in violation of the Georgia Computer Systems Protection Act OCGA § 16-9-90, Plaintiffs are entitled to economic compensatory damages including loss of profits and victim expenditure pursuant to the Georgia Computer Systems Protection Act OCGA § 16-9-93(g).

## Count 3

## Conversion

15. Based upon the foregoing allegations as if fully set forth again in this Count 3, Defendants have committed conversion of Plaintiff's property and specifically Plaintiff's valuable, private, confidential, competitive, business information, and have damaged Plaintiff.

16. Plaintiff hereby demands return from Defendants of Plaintiff's valuable, private,

confidential, competitive, business information, as well as the fruit of Defendants' conversion of same including profits derived by Defendants' conversion, regarding which Defendants have refused said return and have damaged Plaintiff.

17. As a result of Defendants' tortious, willful, and intentional misconduct by conversion, Plaintiffs are entitled to an award of compensatory and punitive damages.

WHEREFORE, having set forth its Complaint against Defendants John Doe's 1-10, Amerair Industries of Delaware LLC respectfully requests that this Court:

a) Enter interlocutory and permanent injunctive relief enjoining Defendants from: (1) accessing Amerair's email servers or other computers and accounts; or (2) retaining possession of any of Amerair's emails,, information, or other Amerair property, as well as injunctive relief requiring that Defendants disclose the identity of any individuals to whom they disclosed copies of the aforementioned emails, information, or property;

b) Award Plaintiff Compensatory Damages in such amounts proven at trial;

c) Award Plaintiff Punitive Damages in an amount sufficient to deter future such misconduct by Defendants;

d) Award Plaintiff its attorney's fees and costs of litigation as may be appropriate under applicable law; and

e) Award Plaintiff such other relief as the Court deems just and equitable.

Respectfully submitted, this April 23, 2020.

*/s/ W.J. Kruger*

FISHER & PHILLIPS LLP               Walter J. Kruger III, Esq.
1075 Peachtree Street, NE, Ste 3500   Georgia Bar No. 429926

Atlanta, GA 30309　　　　　　　　　　　　　*wkruger@laborlawyers.com*
(404) 240-4233, fax (404) 240-4249

COUNSEL FOR PLAINTIFF